## In re GARTMAN.

### (District Court, E. D. Pennsylvania. March 4, 1911.)

#### No. 3,681, in Bankruptcy.

1. BANKRUPTCY (§ 6*)—BANKRUPT ACT—AMENDMENT—EFFECT.

Bankr. Act July 1, 1898, c. 541, § 47, cl. 2, 30 Stat. 557 (U. S. Comp. St. 1901. p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, in so far as it vested trustees in bankruptcy with the rights and remedies and powers of a creditor holding a lien by legal or equitable proceedings on the bankrupt's property, was not retroactive, and did not apply to a bankruptcy proceeding begun at the time the amendment took effect.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 2; Dec. Dig. § 6.*]

2. BANKRUPTCY (§ 140*)—PROPERTY CONDITIONALLY SOLD—RIGHTS OF BANKRUPT'S TRUSTEE.

Where a bankrupt at the time of his adjudication held certain personal property under a conditional sale free from fraud, his trustee acquired no better title than the bankrupt, and was therefore required to surrender the property to the unpaid seller, under the Pennsylvania rule that title reserved by the seller in a contract of conditional sale free from fraud until payment of the price is good against all the world, except creditors of the buyer who have acquired a lien on the property by levy or attachment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 199; Dec. Dig. § 140.*]

In the matter of bankruptcy proceedings against Jacob M. Gartman. On certificate of a referee to review an order denying an application of the L. D. Caulk Dental Depot for possession of certain personal property sold to the bankrupt under a conditional sale. Reversed.

Randolph Stauffer, for trustee.

J. Howard Reber, for claimant.

J. B. McPHERSON, District Judge. [1] The bankruptcy case in which this controversy arose was pending when the act of June 25, 1910 (36 Stat. 838, c. 412), took effect, and section 8 of that amending statute is therefore not applicable. [2] Deciding the question upon the law previously in force, it is only necessary to say that the attention of the referee was evidently not called to Davis v. Crompton (C. C. A., 3d Circuit) 20 Am. Bankr. Rep. 53, 158 Fed. 735, 85 C. C. A. 633. It was there determined that, even when goods are possessed by a bankrupt as vendee under a contract of conditional sale, his trustee ordinarily takes no better title than he himself has acquired. To quote the syllabus:

"The title reserved by the vendor in a Pennsylvania contract of conditional sale, free from fraud, until payment of the purchase money, is good against all the world, except as to creditors of the vendee who had acquired a lien by levy or attachment upon the property while it was in the possession of the vendee, and under section 70a (5) his trustee takes title subject to the superior title of the vendor."

Here the transaction was free from fraud in fact; there was no lien by levy or attachment; the contract was of the usual type, capa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ble of being construed either as a bailment or a conditional sale; and, as the referee construed it to be a conditional sale, I accept his ruling as correct for the present purpose.

His order must be reversed; and (unless possession has already been given to the claimant) it is now ordered that the trustee deliver to the L. D. Caulk Dental Depot within 10 days the cabinet and artificial teeth in controversy. The costs of this proceeding to be paid out of the bankrupt estate.