### SATTLER v. SLONIMSKY et al.

(District Court, E. D. Pennsylvania. October 14, 1912.)

#### No. 1,850.

BANKRUPTCY (§ 279*)—ACTION BY TRUSTEE—CONSPIRACY TO HINDER AND DELAY CREDITORS.

Under Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), giving to a bankrupt's trustee, as to all property not in the custody of the bankruptcy court, the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, a creditor being entitled to sue in trespass on the case for conspiracy, prior to bankruptcy, to fraudulently secrete and transfer the debtor's property, such action may be maintained by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419-424; Dec. Dig. § 279.*]

At Law. Action by one Sattler, as trustee in bankruptcy, against S. Slonimsky and others. On motion to dismiss. Denied.

Wessel & Aarons, of Philadelphia, Pa., for the motion.
Fox & Rothschild, of Philadelphia, Pa., opposed.

THOMPSON, District Judge. This action in trespass is brought to recover damages arising from an alleged unlawful conspiracy entered into by the defendants prior to the adjudication in bankruptcy to fraudulently and collusively transfer and conceal moneys of Harry Ruderman and Jacob Ruderman, the bankrupts, for the purpose of hindering and delaying their creditors.

Prior to the amendment of June 25, 1910, to section 47a of the Bankruptcy Act, such a suit could not have been maintained upon a cause of action arising prior to the adjudication in bankruptcy, because the rights of action which vested in the trustee upon his appoint-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment were only such as were vested in the bankrupts prior to the adjudication. The amendment to section 47a provides, however, that the trustee "as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

That a creditor may bring an action of trespass on the case, based upon a conspiracy to fraudulently secrete and transfer the property of a defendant in an execution from the reach of the plaintiff, is well settled. Tams v. Lewis, Trustee, 42 Pa. 402; Collins v. Cronin, 117 Pa. 35, 11 Atl. 869. I think the present action is maintainable against all the parties to the alleged conspiracy.

The motion is therefore denied.