### In re STERN.

(District Court, N. D. Ohio, W. D. February 8, 1913.)

#### No. 2,046.

1. BANKRUPTCY (§ 398*)—EXEMPTIONS—CLAIMS FOR PURCHASE MONEY.

Gen. Code Ohio, § 11,738, provides for exemption to a debtor in lieu of homestead in a sum not exceeding $500, to be selected out of personal property, but declares that no personal property shall be exempt from execution on a judgment for purchase money or any part thereof. Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), declares that the trustee as to all property coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings. *Held*, that where a bankrupt without means bought a stock of goods for $1,900, giving a note to the seller for $1,400, and borrowed $500 from his father-in-law, and thereafter incurred certain other debts for goods purchased to renew the stock, and then became a bankrupt, he was not entitled to exemptions as against the claims for merchandise so purchased, but only as against creditors for money loaned.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 676, 677; Dec. Dig. § 398.*]

2. BANKRUPTCY (§ 399*)—EXEMPTIONS—SELECTION.

Gen. Code Ohio, § 11,738, provides an exemption to a debtor in lieu of homestead, and declares that he may hold exempt from levy and sale real or personal property to be selected by him, his agent, or attorney, before sale, not exceeding $500 in value. *Held*, that where a bankrupt in Ohio permitted a sale of his assets without having selected the property he desired to hold exempt in lieu of homestead under such section, on the theory that he could claim the amount of the exemption in money

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the proceeds of the sale of all of his assets, his right to such exemption was lost.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of Elias O. Stern. On petition to review a referee's order allowing exemptions. Petition granted in part.

W. A. Gossard, of Fremont, Ohio, for bankrupt.

Lewis B. Hall, of Toledo, Ohio, for trustee.

KILLITS, District Judge. This case is before the court on petition of the trustee for the review of the order of the referee allowing exemptions. The facts are as follows: In May, 1911, Stern, who is the head of a family and entitled to exemptions generally under the law of Ohio, bought a stock of merchandise for the agreed price of $1,900. Stern testified with reference to the purchase price as follows:

"I had no money when I bought him out, I gave him a note for $1,400 and borrowed $500 from my father-in-law and paid this. The full consideration price was $1,900."

He conducted the business until August 20, 1912, when he filed a voluntary petition in bankruptcy. His creditors are his father-in-law for the $500 borrowed to make the first payment on the stock of goods, the holder of the note of $1,400, given in part payment of the stock of goods, a man of whom he borrowed $50 in cash (for what purpose the record does not suggest), and five wholesale houses, on open account, for merchandise purchased by him and placed in the store, in the amount of $531. He scheduled as his assets his household furniture, some bills receivable of minor consequence, and the stock of merchandise, and with his petition demanded his exemptions as a householder in lieu of a homestead. The merchandise was appraised in the sum of $1,218 and ordered sold. No selection was demanded by the bankrupt to meet his claim of homestead exemption, but the goods were permitted to be sold in bulk by the trustee. We judge from some of the comments of the referee that the sale was by the consent of the bankrupt, who expected to be allowed his exemptions out of the proceeds of sale. The stock brought the sum of $660, and the referee allowed the bankrupt, in lieu of homestead, upon his claimed exemption, that proportion of $500 which $660 bore to the appraised value of the merchandise, namely, $1,218, or the sum of $270.75. The trustee contends that under the circumstances the bankrupt is not entitled to exemption.

Section 11,738, General Code of Ohio, providing for exemption in lieu of homestead in a sum not exceeding $500, to be selected out of the personal property, contains, as its concluding sentence, this:

"No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

By the amendment of 1910 to section 47 of the Bankruptcy Act it is provided:

"And such trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, reme-

dies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Our view of this latter provision is that the trustee represents the several creditors, under this language, with varying powers and opportunities appropriate to the different status of the several creditors. He is, with respect to each of the five creditors holding accounts for merchandise going into the stock and becoming part of the stock of goods, in the position of a creditor holding a judgment rendered for the purchase price and, with respect to the several other creditors, a judgment creditor with the limitations inherent in the nature of their several claims.

[1] If this construction of the amendment of 1910 is valid—and we feel that we must so construe it to enable it to meet the purposes for which it was enacted—it follows that, as to the five claims for merchandise, the bankrupt is entitled to no exemptions; but as to the two creditors for money loaned, in the sum of $1,400 and $50, respectively, he would be entitled to exemptions under the General Code of Ohio. The claim for $500 due his father-in-law is secured by chattel mortgage and is not considered here.

This solution of the question not only, it seems to us, squares with a proper construction of the several statutes, but approximates abstract justice, for it shocks one to think that a man in the bankrupt's position could acquire property in this way without the expenditure of a dollar of his own, live off of it for a length of time, and support his family from it, and through the exemption laws and the provisions of the Bankrupt Act actually make a profit out of the transaction at the expense of those who trusted him.

[2] If it may be objected to this solution that the language which we quote from section 11,738, General Code of Ohio, limits the right of the creditor holding a claim for the purchase price to avoid the exemption only as to the goods which he himself sold and which remain in the hands of the debtor and that the course outlined above permits such creditor to extend his opportunity beyond these limits and hold out against the debtor and the debtor's exemption rights moneys which were derived from the sale of property other than that involved in his claim, it is sufficient, we think, to call attention to the fact that the same section (11,738, General Code) provides an exemption in lieu of a homestead only in this language:

He "may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, before sale, not exceeding five hundred dollars ($500.00) in value."

In this case the debtor failed to select it. Had he followed the statute and made his selection in kind at the appraised value before sale and had he attempted to hold some of the goods involved in these claims for their purchase price, an opportunity then would have been given to the several creditors of this character to save their claims. Failing to select in kind before sale and permitting the goods to be sold in bulk, he has effected such a commingling of goods as renders it impossible for his creditors of the character under consid-

eration to secure their rights in any other way than that suggested above.

The referee finds in his report that the bankrupt did not make a selection in kind for the reason that "a part of the stock of merchandise would have been of no use to him save and except as to the amount he could sell the same for, and that he in good faith elected to have the whole stock disposed of together." Having made this selection, the bankrupt must bear the inconveniences it entails. The section of the Ohio Code quoted casts upon him the duty of moving first in the matter of selection of specific articles up to the value of $500, to remain exempt from sale, in lieu of homestead. No one is obliged to perform this service for him or even to suggest to him that such is his right.

The petition for review will be granted so far as the order of the referee affects the creditors for merchandise sold; otherwise the order of the referee will be effective.