In re NUNEMAKER.

(District Court, N. D. Ohio, W. D. June 30, 1913.)

No. 2,066.

BANKRUPTCY (§ 398*)—ADMINISTRATION OF ESTATE—EXEMPTIONS—PROPERTY SUBJECT—CLAIM FOR PURCHASE PRICE.

Since no property held by a bankrupt's trustee, which in case of an execution levy could not be selected in lieu of homestead exemption, is subject to such selection in bankruptcy proceedings, it was error to permit the bankrupt to select a stallion and an automobile as exempt in lieu of his homestead exemption, where such property had not been paid for, under Gen. Code Ohio, § 11,738, providing that no personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 676, 677; Dec. Dig. § 398.*]

In Bankruptcy. In the matter of Cecil W. Nunemaker. On review of referee's order allowing certain personal property as exempt to the bankrupt in lieu of homestead. Reversed.

E. R. Voorhees, of Woodville, Ohio, for bankrupt.
Stephens & Reed, of Fostoria, Ohio, for petitioners.

KILLITS, District Judge. This case is now before the court on the exceptions of creditors Henry J. Adams and A. W. Green to the decision of the referee, confirming the allowance of a stallion and automobile to the bankrupt in lieu of homestead exemptions; these being property selected by him for that purpose. The question involves the application of General Orders in Bankruptcy No. 17 (89 Fed. viii, 32 C. C. A. xix), in connection with section 11,738, General Code of Ohio.

The General Order in question provides that objections to the report of the trustee allowing exemptions must be filed within 20 days,

which rule was not observed in this case; the objecting creditors not moving for a considerable time after the expiration of the 20 days.

The purchase price for the property in question had never been paid, so the referee finds; but he overrules the objections because they were not filed within 20 days.

The language of the section of the General Code pertinent here reads:

"No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

In the case of In re Stern, 208 Fed. 488, we held that creditors were entitled, through their representative, the trustee, to the status of judgment creditors, as contemplated by section 11,738, and that no property held by the trustee in bankruptcy, which, in case of an execution levy, could not be selected in lieu of homestead exemption, may be subject to such selection in bankruptcy proceedings. The consequence of such holding is that the action of the trustee in allowing selection to be made of property not subject to such treatment is absolutely void, not merely voidable, and that General Order No. 17, in our judgment, is not applicable. Absolutely no title to the bankrupt could be conferred to this property, at least not while the bankruptcy proceedings were pending.

Our judgment, therefore, is that the referee was wrong in permitting the bankrupt to retain the property in question.