In re LANE LUMBER CO.

(District Court, D. Idaho, N. D.   December 2, 1913.)

1. BANKRUPTCY (§ 188*)—LIENS—VALIDITY—EFFECT.
   The rule that with certain exceptions liens created by authority of or in compliance with the statutes of the state will be recognized and sustained in bankruptcy is not affected by Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501), conferring on trustees in bankruptcy all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, etc.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

2. BANKRUPTCY (§ 188*)—LIENS—VENDOR'S LIEN—WANT OF RECORD—TRUSTEE —"PURCHASER OR INCUMBRANCER FOR VALUE."
   Rev. Codes Idaho, § 3441, provides that one who sells real property has a vendor's lien for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, and section 3443 declares that such liens shall be valid against every one claiming under the debtor except a purchaser or incumbrancer in good faith and for value. Held, that a trustee in bankruptcy of a vendee, though entitled to the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, as provided by Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501), was, nevertheless, not a purchaser or incumbrancer in good faith and for value, and hence a vendor's lien is valid and enforceable as against the vendee's trustee in bankruptcy, though not recorded.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*

   For other definitions, see Words and Phrases, vol. 7, p. 5860.]

3. BANKRUPTCY (§ 188*)—VENDOR'S LIEN—VALIDITY—PROCEEDINGS TO FORECLOSE.
   Where vendors of real property had a valid lien against the bankrupt vendee for the unpaid portion of the price, such lien was not affected by the vendors' failure to commence suit to foreclose the lien prior to the institution of bankruptcy proceedings.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

In Bankruptcy. In the matter of the Lane Lumber Company. On petition for review of an order sustaining the validity of certain vendors' lien claims of M. K. Wall and others. Affirmed.

E. N. La Veine, of Cœur d'Alene, Idaho, for trustee.
Frank Langley, of Cœur d'Alene, Idaho, for claimants.

DIETRICH, District Judge. The one question submitted by the trustee upon these several petitions is whether or not the vendor of real estate in Idaho has and may maintain a lien for the unpaid purchase price upon land sold, after an adjudication in bankruptcy against the vendee; the vendor having, prior to the institution of the bankruptcy proceeding, commenced no action to foreclose the lien.

It is conceded that such liens are recognized and established by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statutes of the state. Section 3441 of the Idaho Revised Codes is as follows:

"One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

And section 3443:

"The liens of vendors and purchasers of real property are valid against every one claiming under the debtor, except a purchaser or incumbrancer in good faith and for value."

It is unnecessary to relate the facts involved, for the trustee concedes that such liens originally vested in the several vendors, the claimants here, which, if lost or divested at all, have been so lost or divested by reason of the institution of the bankruptcy proceeding, and for no other cause. Indeed, the question for consideration is still further limited by the express concession on the part of the trustee "that prior to the amendment to the bankruptcy act of 1910, amending section 47, the vendor's lien might be established." We need therefore expressly decide only whether, upon the institution of a bankruptcy proceeding, the provisions of this amendment automatically operate to nullify or extinguish a pre-existing, valid vendor's lien. Section 47, so far as pertinent, is as follows, the amendatory language being italicized:

"Sec. 47a. Trustees shall respectively (1) account for and pay over to the estates under their control all interest received by them on property of such estate; (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; *and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied.*"

It will be noted that the amendment does not in terms purport to act upon liens or to prescribe the conditions under which they may be either created or enforced; it defines the status of a trustee in bankruptcy, and declares the scope of his rights and remedies. As suggested by counsel for the trustee, not unlikely the controlling purpose of the amendment was to relieve trustees from the disability imposed by the rule adopted by the courts, notably in such cases as In re Economical Printing Co., 110 Fed. 514, 49 C. C. A. 133, and York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. But this rule relates, not to the validity of certain classes of liens under the state laws, but only to the right of the trustee to question claims that are defective or invalid under such laws.

[1] The rule is now, as it always has been, that, with certain exceptions immaterial to the present inquiry, liens created by authority of, and in compliance with, the statutes of a state will be recognized and sustained in bankruptcy proceedings. The amendment of section 47 has in no wise affected this rule. Loveland on Bankruptcy (4th

Ed.) § 372. There is nothing in Pacific State Bank v. Coats (C. C. A.) 205 Fed. 618, out of harmony with this view. Section 67d of the Bankruptcy Act provides that:

"Liens given or accepted in good faith and not in contemplation or in fraud upon the act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

[2] It is not questioned that these claims are in good faith, and that the liens were for a present consideration, and that no record thereof was required by the state statutes; as already stated, it is conceded that at the moment the bankruptcy proceeding was instituted the claims were valid subsisting liens. The act declares only that:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of creditors of the bankrupt shall not be liens against his estate." Section 67a.

Here then is the test: Were these liens invalid against the creditors of the bankrupt merely because they were not recorded? If they were, then the trustee might, under the amendment to section 47, challenge them; his right so to do is conferred by the amendment, and that is its only purpose and effect; it does not operate directly upon the claims of lien. Now, as we have seen, under the Idaho statute a vendor's lien, though unrecorded, is valid as against all the world, excepting only "a purchaser or incumbrancer in good faith and for value." Unless, therefore, a trustee has, by virtue of the amendment to section 47 of the bankruptcy act, the status of such a purchaser or incumbrancer, he cannot assail the lien, for under the law it has validity against all other claimants. The controversy is therefore reduced to the question merely of the meaning of the clause in the state statute, "purchaser or incumbrancer in good faith and for value." At most, if we assume that the lands here are in the custody of the court, the trustee has the status only of a "creditor holding a lien by legal or equitable proceedings thereon," as, for example, the plaintiff in an attachment suit, or a judgment creditor after a levy of execution. But such a creditor is not a purchaser, nor is he an "incumbrancer in good faith and for value." A citation of authorities upon this proposition is scarcely necessary.

The purpose and scope of the amendment, and the distinction between the claims here and cases to which it was intended to apply may be illustrated by reference to another provision of the Idaho statutes. In section 3408 of the Revised Codes it is declared that, unless a chattel mortgage is executed with the formalities therein prescribed and filed for public record, it is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith and for value. Differing from vendor's liens, it will be observed, such an unrecorded mortgage is void not only against purchasers and incumbrancers, but against "creditors." Prior to the amendment of section 47, it was quite generally held that a trustee in bankruptcy could not, upon behalf of general creditors, assail the validity of such an instrument, because such creditors, having

no specific lien upon the property, were in no position to make the attack, and therefore the trustee, acting upon their behalf, could assert no better right. In re Economical Printing Co., 110 Fed. 514, 49 C. C. A. 133. Remington on Bankruptcy, §§ 1207½ to 1210. The amendment meets this emergency by conferring upon him the status of a creditor who has such lien, and may therefore object to the assertion of a lien under an unrecorded mortgage. See, also, section 3170, which provides that transfers of personal property not accompanied by delivery of possession to the transferee are void not only against incumbrancers and purchasers, but also against "creditors." Possibly Congress might have conferred upon trustees all the rights and remedies of a purchaser or incumbrancer for value and in good faith, but it has not done so; it has chosen to limit their rights and remedies to those of one holding a lien arising out of legal or equitable proceedings.

[3] It is unimportant that the claimants did not commence actions to foreclose their liens prior to the institution of the bankruptcy proceedings. A suit to foreclose a lien is not material to its validity. The lien is established by operation of law, and is quite as complete before as after the institution of the proceedings to foreclose it.

It follows that the referee was right in holding that as a matter of law the claimants were entitled to liens. The record suggests some other questions, such as whether the claimants, or any of them, are estopped to assert their claims, or whether the trustee should be subrogated to the rights of the mortgagee or trustee in a trust deed securing a large issue of bonds covering these and other lands, which indebtedness the trustee has now paid, but they have not been argued, and I therefore express no opinion relative thereto.

The order of the referee will in each case be affirmed.