## In re PITTSBURG-BIG MUDDY COAL CO.

### GOODMAN MFG. CO. v. SKAGGS et al.

#### (Circuit Court of Appeals, Seventh Circuit. May 11, 1914.)

#### No. 2083.

1. BANKRUPTCY (§ 184*)—RECLAMATION OF PROPERTY—INVALID MORTGAGE—RIGHTS OF TRUSTEE.

Under Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) § 47, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), providing that as to all property in the custody or coming into the custody of the bankruptcy court the trustee shall be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, a trustee in bankruptcy was entitled to hold property subject to a chattel mortgage to secure a portion of the price which was valid as between the mortgagor and mortgagee, but invalid as against the mortgagee's lien creditors because of a failure to file affidavits required by the state statutes to keep it alive, though there was no creditor of the bankrupt holding a lien on the mortgaged chattels.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 258*)—CREDITORS—NOVATION—ASSUMED DEBT.

Where claimant sold certain machinery to the S. company, taking a chattel mortgage to secure part of the purchase price, and the buyer sold the machinery to the bankrupt subject to the mortgage, claimant, in the absence of novation or assumption of the debt by the bankrupt, could not become a creditor of the bankrupt so as to entitle it to object to the order directing a sale of the property as a unit free from liens.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 358, 359, 362; Dec. Dig. § 258.*]

Appeal from the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

In the matter of bankruptcy proceedings of the Pittsburg-Big Muddy Coal Company. Petition by the Goodman Manufacturing Company for the recovery of certain machinery covered by a chattel mortgage to secure a portion of the purchase price, sold to the St. Louis Company, and by it sold to the bankrupt, subject to the mortgage. From a decree dismissing the petition for want of equity, petitioner appeals. Affirmed.

George W. Brown, of Chicago, Ill., for appellant.
William H. Warder, of Marion, Ill., for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge. Appellant sold machinery in 1911 to the St. Louis Coal Company, and took a chattel mortgage thereon to secure part of the purchase price. This machinery was afterwards sold by the St. Louis Company to the Big Muddy Company (bankrupt herein) subject to the mortgage. Before the petition in bankruptcy was filed, appellant's mortgage, by reason of extensions and changes in the notes without filing the affidavits required by the Illinois statute respecting the recordation of chattel mortgages, though remaining valid between mortgagor and mortgagee, became subject to avoidance by lien creditors. But there were no creditors with liens when bankruptcy intervened. Appellant thereupon filed its petition against appellee for reclamation of the machinery. This appeal is from the decree of dismissal for want of equity.

[1] According to the doctrine of York Mfg. Co. v. Cassel, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and other cases holding that a chattel mortgage that is good against the bankrupt is good against the trustee, appellant would be entitled to prevail. But by the act of June 25, 1910 (36 Stat. 840), the following addition was made to the powers of trustees in section 47a(2):

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

Whether this addition to the Bankruptcy Act might more appropriately have appeared in section 64, relating to priorities, or in section 67, relating to liens, or in section 70, relating to the trustee's title, or in an independent section, we deem immaterial, for the act must always be considered as a whole, and when so read the elder sections

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must be construed so as not to detract from this latest expression of the legislative will.

Appellant's contention that the trustee, under the amendment of 1910, cannot defend against a voidable chattel mortgage unless there be in fact "a creditor holding a lien" on the chattels, is supported by the cases of In re Lausman (D. C., W. D. Ky.) 183 Fed. 647, and In re Flatland (C. C. A. 9th Cir.) 196 Fed. 310, 116 C. C. A. 130.

But we hold that under the amendment the filing of a petition in bankruptcy constitutes an equitable levy and a caveat to the world, for the following reasons: (1) The plain and natural reading of the words gives the trustee the same right to attack or resist secret liens that judgment creditors would have had if bankruptcy had not intervened, no matter whether there are or are not any such creditors when the petition in bankruptcy is filed. (2) If the amendment were to be construed so as to limit the power of the trustee to cases in which there are lien creditors, virtually nothing would be added to the original act, for under section 67c and 67f liens created within four months prior to the filing of the petition may be used by the trustee for the benefit of the estate. (3) Although extraneous matter cannot properly be looked to in aid of the interpretation of a clear and unambiguous statute (for such a statute carries its own means of interpretation), yet it may not be amiss, as against a contention that this amendment is not unambiguous, to note that it was the intention of the committee in charge of the measure that the rule announced in York Mfg. Co. v. Cassel should be changed. 3 Remington, 331; Cong. Rec., 61st Cong., 2d Sess., pp. 2552–2554. (4) Numerous decisions in the District and Appellate Courts directly or impliedly support this construction.[1]

[1] Arctic Ice Machine Co. v. Armstrong County Trust Co. (C. C. A., 3d Cir.) 192 Fed. 114, 112 C. C. A. 458; Holt v. Henley (C. C. A., 4th Cir.) 193 Fed. 1020, 113 C. C. A. 87; In re Morris (C. C. A., 2d Cir.) 204 Fed. 770, 123 C. C. A. 220; Clark v. Snelling (C. C. A., 1st Cir.) 205 Fed. 240, 123 C. C. A. 430; Pacific State Bank v. Coats (C. C. A., 9th Cir.) 205 Fed. 618, 123 C. C. A. 634, Ann. Cas. 1913E, 846; Big Four Implement Co. v. Wright (C. C. A., 8th Cir.) 207 Fed. 535, 125 C. C. A. 577, 47 L. R. A. (N. S.) 1223; In re Gold (C. C. A., 7th Cir.) 210 Fed. 410; In re Gartman (D. C., E. D. Pa.) 186 Fed. 349; In re Franklin Lumber Company (D. C., E. D. Pa.) 187 Fed. 281; In re Hammond (D. C., N. D. Ohio) 188 Fed. 1020; In re Bazemore (D. C., N. D. Ala.) 189 Fed. 236; In re Calhoun Supply Co. (D. C., N. D. Ala.) 189 Fed. 537; In re Hartdagen (D. C., M. D. Pa.) 189 Fed. 546; In re Williamsburg Knitting Mill (D. C., E. D. Va.) 190 Fed 871; In re Nelson (D. C., S. D. So. Dak.) 191 Fed. 233; In re Waite-Robbins Motor Co. (D. C., D. Mass.) 192 Fed. 47; In re Geiver (D. C., S. D. So. Dak.) 193 Fed. 128; In re Dunn & Co. (D. C., E. D. Ark.) 193 Fed. 212; In re Farmers' Supply Co. (D. C., N. D. Ga.) 196 Fed. 990; In re Appel Suit Co. (D. C., D. Colo.) 198 Fed. 322; In re Dancy Hardware & Furniture Co. (D. C., N. D. Ala.) 198 Fed. 336; In re Smith (D. C., E. D. Wis.) 198 Fed. 876; In re Kreuger (D. C., E. D. Ky.) 199 Fed. 367; Sattler v. Slouimsky (D. C., E. D. Pa.) 199 Fed. 592; In re Gaglione (D. C., M. D. Pa.) 200 Fed. 81; In re Nuckols (D. C., E. D. Tenn.) 201 Fed. 437; In re Snelling (D. C., D. Mass.) 202 Fed. 259; In re East End Mantel Co. (D. C., W. D. Pa.) 202 Fed. 275; In re Farmers' Co-operative Company (D. C., D. N. Dak.) 202 Fed. 1008; In re Codori (D. C., M. D. Pa.) 207 Fed. 784; In re Stern (D. C., N. D. Ohio) 208 Fed. 488; In re Superior Drop Forge Co. (D. C., N. D. Ohio) 208 Fed. 813; In re Phillips (D. C., W. D. Wash.) 209 Fed. 490; In re Lane Lumber Co. (D. C., D. Idaho) 210 Fed. 82.

This record also contains an order of the court that the property be sold as a unit and free from liens. Appellant challenges this order as inimical to the interests of the general creditors.

[2] In the referee's report is a statement that appellant is a general creditor of the bankrupt estate. But appellant never filed or presented a claim as a general creditor of the bankrupt. The only issue made by the pleadings and involved in the evidence was the validity of the chattel mortgage. Without novation or assumption the debt of the St. Louis Company to appellant could not become the debt of the Big Muddy Company. As there was neither pleading nor proof respecting such an issue, the purported finding of the referee must be disregarded. And so appellant is left without any standing to question the order of sale.

The decree and the order are severally affirmed.