## In re GOODWIN CORPORATION.

## PEARSON v. McKINLAY.

### No. 6013.

Circuit Court of Appeals, Seventh Circuit.
Jan. 22, 1937.

Rehearing Denied March 2, 1937.

John Lewson, of Chicago, Ill., for appellant.

Friedman, Schimberg & Alster, of Chicago, Ill. (Archie Schimberg, Simon H. Alster, and Morey B. Lasky, all of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellant filed his petition in the bankruptcy court in the nature of a reclamation petition, asserting a lien on certain chattels that were in the possession of The Goodwin Corporation at the time of bankruptcy and which subsequently came into the hands of appellee as trustee in bankruptcy. He prayed that the trustee be required to pay him the sum of $7,000 and interest (which was concededly due him from the debtor), or, in the alternative, deliver up all of said chattels on which he claimed a lien. The referee held that he had no lien which could be asserted against the trustee and upon review the District Court affirmed. Appellant assigns error upon this holding.

The pertinent facts which are without substantial dispute are disclosed by the referee's report from which we quote, as follows:

"* * * That on July 20, 1935, an involuntary petition in bankruptcy was filed against The Goodwin Corporation; that on July 20, 1935, an involuntary petition for reorganization under section 77B of chapter 8 of the Acts of Congress relating to bankruptcy [11 U.S.C.A. § 207] was filed against said The Goodwin Corporation; that said latter petition was found to be properly filed and filed in good

faith, by the District Court of the United States, on October 17, 1935, and Robert W. McKinlay, was appointed permanent trustee of the estate of said debtor; that on January 21, 1936, the bankruptcy cause pending against said debtor was consolidated with the within cause for reorganization under said section 77B, and an order of liquidation was entered in said consolidated causes, and the same were referred to the undersigned in accordance with subdivision (k) of said section 77B [11 U.S.C.A. § 207(k)].

"That on August 20, 1934, said debtor was indebted to numerous unsecured creditors for the total sum of One Hundred Fourteen Thousand, Two Hundred Dollars ($114,200.00); that most of these creditors continued as creditors up to July 20, 1935, and are still creditors at this date.

"That on August 20, 1934, said debtor's tangible assets consisted of the office furniture, fixtures and equipment, which is the subject of a reclamation petition of Frank W. Pearson, and is more fully described therein.

"That on said date said debtor's other assets were intangible, consisting of choses in action, contracts with manufacturers, field managers and with oral broadcasters.

"That the business of said debtor was that of promoting and stimulating sales of nationally advertised goods, wares, and merchandise by the use of individuals termed 'oral broadcasters.'

"That on August 20, 1934, and for some time prior thereto, said debtor was in need of money to finance its operations. * * *

"That on August 20, 1934, said debtor executed and delivered to said Frank W. Pearson a Bill of Sale in consideration of the sum of Seven Thousand Dollars ($7,-000) paid by said Frank W. Pearson to said debtor; that in and by said Bill of Sale the said debtor conveyed all of its tangible personal property to said Frank W. Pearson, petitioner herein, who is a stockholder of said debtor.

"That contemporaneously therewith, said Frank W. Pearson executed and delivered to said debtor a Conditional Sales Contract reconveying said tangible personal property to said debtor in consideration of the sum of Seven Thousand Dollars ($7,000), together with interest at the rate of six per cent (6%) per annum to be paid in fixed installments; that in and by said Conditional Sales Contract, title to said personal property was to remain in said Frank W. Pearson until the said sum was paid to him in full. * * *

"That the intent of said Frank W. Pearson and said The Goodwin Corporation, debtor, was to effect a loan of Seven Thousand Dollars ($7,000.00) from said Frank W. Pearson to said The Goodwin Corporation, a corporation, and as security for the repayment thereof, said Bill of Sale and said Conditional Sales Contract were used in lieu of a chattel mortgage. * * *

"That the method of a Bill of Sale to said Frank W. Pearson and a Conditional Sales Contract back to said debtor was used as the best way to protect the interests of said debtor, and at the same time to give said Frank W. Pearson security for said sum of Seven Thousand Dollars ($7,000.00); for if the credit of said debtor was adversely affected, there would not be any use in securing said sum of Seven Thousand Dollars ($7,000.00). * * *

"That said Bill of Sale and said Conditional Sales Contract, were not executed, recorded or acknowledged, in the manner and form required by the Statutes of the State of Illinois relating to chattel mortgages (Smith-Hurd Ill.Stats. c. 95, Ill.Rev. Stat. 1935, c. 95).

"That neither on August 20, 1934, nor at any time thereafter, did said Frank W. Pearson take actual or constructive possession of the personal property described in said Bill of Sale, nor did he perform any act to indicate his ownership of said personal property.

"The said Robert W. McKinlay, as temporary trustee, did, on October 17, 1935, come into actual possession of the personal property herein sought to be reclaimed, and retained possession of the same until it was sold at public auction for an amount in excess of Seven Thousand Dollars ($7,000), pursuant to a stipulation wherein said Frank W. Pearson agreed that his lien, if any, should attach to the proceeds of said sale."

From these facts the referee concluded, as follows: "That said sum of Seven Thousand Dollars ($7,000) was loaned by said Frank W. Pearson to said debtor and said Bill of Sale and said Conditional Sales Contract were used as a method of giving said Frank W. Pearson security for the repayment to him by said debtor of said sum of Seven Thousand Dollars ($7,000). The documents, regardless of their form, were

in reality a chattel mortgage and such chattel mortgage is therefore void as against creditors of said The Goodwin Corporation, debtor, and as against said Robert W. McKinlay, trustee herein, as not having been executed, acknowledged and recorded, as required by the laws of the State of Illinois relating to chattel mortgages." * * *

■ Appellant concedes the invalidity of the transaction if viewed as a chattel mortgage, but earnestly contends that having in good faith advanced money to the debtor corporation eleven months before bankruptcy he is entitled, by virtue of the bill of sale and conditional sales contract, to an equitable lien which he should be permitted to assert against the trustee.

With this contention we cannot agree, as we think the respective rights of both appellant and appellee in the chattels in question are definitely fixed by section 47a(2) of the Bankruptcy Act, 11 U.S.C.A. § 75(a) (2) wherein it is provided that trustees "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

This was not the ordinary conditional sales contract by which a vendor conditionally sells its property to the vendee, reserving title until the purchase price is paid. The property sought to be transferred was at all pertinent times the property of the debtor, its possession and control remained unchanged until taken over by the trustee. Appellant was desirous of extending financial aid to this embarrassed debtor, and out of deference to its request did not wish to publicly proclaim a lien upon the corporate property, believing that the recording of a chattel mortgage would only further embarrass the company. They chose the method already indicated, which, had the corporation been able to escape the disaster which later overtook it, would have answered their purpose. That appellant may have acted in the utmost good faith will avail him nothing when the rights of others have intervened. The transaction was clearly one intended to convey a lien without the formality provided by statute (Smith-Hurd Ill.Stats. c. 95) chapter 95, Ill.Rev.Stat.1935. Such unrecorded lien cannot be asserted against the trustee in bankruptcy. In re Baumgartner (C.C.A.) 55 F.(2d) 1041; Haupt v. Moore (C.C.A.) 77 F.(2d) 456.

■ In an effort to improve his situation appellant filed for record the bill of sale and conditional sales contract ten days after the petition in bankruptcy and asserts that this was equivalent to taking possession of the chattels and that no creditors have been injured and under such circumstances the good faith of his transaction should commend it to a court of bankruptcy. We think this position untenable and that the recording after bankruptcy had intervened availed him nothing. The Supreme Court in affirming a judgment of this Court in the case of Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 469, 60 L.Ed. 841 (7th C.C.A., 212 F. 688) said: "Appellant's title was not perfected, as against the trustee in bankruptcy, by taking possession of the dredge under the mortgage after the filing of the petition in bankruptcy, and before adjudication. Since the amendment of § 47a(2) of the bankruptcy act [11 U.S.C.A. § 75(a) (2)], trustees have the rights and remedies of a lien creditor or a judgment creditor as against an unrecorded transfer. The estate was in custodia legis from the filing of the petition, and the title of the trustee related back to that date." Citing Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Everett v. Judson, 228 U.S. 274, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A.(N.S.) 154. See, also, Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275. That no creditor of the bankrupt had a lien is immaterial. In re Pittsburgh-Big Muddy Coal Co., 215 F. 703 (C.C.A.7th).

The District Court rested its decision in part upon the further finding that in making the bill of sale to appellant there had been no compliance with the Bulk Sales Act of Illinois (Smith-Hurd Ill. Stats. c. 121½, § 80, Ill.Rev.Stat. c. 121a, § 3). Appellant urges that such act was inapplicable. Whether the transaction was one coming within the terms of this act we have no occasion to consider for if it did this would only lend additional support to a correct conclusion.

Counsel for appellant has filed an elaborate and painstaking brief and has

argued with much earnestness the good faith of the transaction between his client and the debtor. This position may be conceded but it does not overcome the force of the statute, according the trustee a more favorable position than the debtor.

The referee's findings of fact have ample support in the evidence—indeed appellant himself says in his intervening petition that his transaction with the debtor wherein he took a bill of sale and in turn executed a conditional sales contract was "in the nature of a chattel mortgage." The conclusions of law based thereon were, likewise, correct. The order is affirmed.

Affirmed.