MARTIN et al. v. HULEN & CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 6, 1906.)

No. 2,345.

BANKRUPTCY—ACTS OF BANKRUPTCY—MORTGAGES.

Within four months preceding the filing of a bankruptcy petition H. & Co. purchased a stock of goods for $3,000, paying $100 in cash and giving notes for the remainder. At the same time they gave a chattel mortgage on the goods so purchased to secure the payment of the notes, which mortgage covered all additions to the stock and all stocks that might thereafter be consolidated with it. Immediately after the purchase and execution of the mortgage H. & Co. consolidated such stock, which was worth the price agreed to be paid for it, with that which they had previously owned, acting in good faith and in accordance with the previous intention to unite the two stocks, so that the mortgage should cover both. *Held*, that the execution of such mortgage did not constitute an act of bankruptcy.

Appeal from the District Court of the United States for the Southwestern Division Judicial District of Missouri.

Oscar T. Hamlin, for appellants.
John L. McNatt (H. H. Bloss, on the brief), for appellees.
John S. Farrington, for Abe Lemaster.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The question presented by this appeal is whether Hulen & Co., a copartnership, committed an act of bankruptcy in mortgaging, whilst insolvent, a stock of goods owned by them. Within the four months preceding the filing of the petition against them they purchased of one Lemaster another stock of goods for the sum of $3,000, paying $100 in cash and giving their notes for the remainder. At the same time they gave a chattel mortgage upon the goods so purchased to secure the payment of the notes. By its terms the mortgage extended to and covered all additions to the stock of goods and all stocks that might thereafter be consolidated with it.

Immediately after the purchase and the execution of the mortgage Hulen & Co. consolidated the Lemaster stock with that which they previously owned, and it is claimed by appellant that, as they were then insolvent, they committed an act of bankruptcy. The goods purchased from Lemaster were worth the purchase price, and the master found that Hulen & Co. acted in good faith, and that there was in fact no intention to give a preference. While transactions of that

character by an insolvent should be closely scrutinized we are of the opinion that no act of bankruptcy was committed. The fact that the goods purchased were worth the price to be paid for them, and the good faith of the parties, repel all inference of intent to prefer. The reasonable presumption from the findings of the master is that both Hulen & Co. and Lemaster contemplated the union of the two stocks of goods, and that the mortgage should cover all of them. Therefore it cannot well be said that the latter was a creditor who after the creation of his claim secured a mortgage upon his debtor's property. What they did should be fairly regarded as a single transaction, and when it was consummated the estate of Hulen & Co. was in no worse plight so far as unsecured creditors were concerned than it was before. The order of the District Court is affirmed.