In re MAHLAND.

(District Court, E. D. New York. January 19, 1911.)

1. BANKRUPTCY (§ 181*)—CHATTEL MORTGAGE—PRESENT CONSIDERATION—VALIDITY.

A chattel mortgage given by a bankrupt on payment of a present consideration in cash and also to cover an antecedent indebtedness was valid, in the absence of actual fraud shown, though made within four months prior to the filing of the petition, in so far as it secured alleged advances at the time it was made which were used for the benefit of his creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260; Dec. Dig. § 181.*]

2. FRAUDULENT CONVEYANCES (§ 62*)—CHATTEL MORTGAGE—INABILITY TO PAY DEBTS—FRAUD.

A chattel mortgagor's mere inability to pay debts does not invalidate a chattel mortgage given for a present valid consideration advanced by the mortgagee having no reason to know that a fraud will be thereby committed.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 140; Dec. Dig. § 62.*]

3. CHATTEL MORTGAGES (§ 187*)—VALIDITY—MORTGAGE ON MERCHANDISE.

Under the New York law, the validity of a chattel mortgage on a stock of merchandise remaining in the possession of the mortgagor depends on the actual intent of both the mortgagor and the mortgagee at the time of making the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 372–392; Dec. Dig. § 187.*]

4. BANKRUPTCY (§ 181*)—CHATTEL MORTGAGE—VALIDITY.

Where a chattel mortgage on the mortgagor's stock of merchandise was executed in part for a present consideration and was valid under the New York law as to such present consideration, it was also valid to that extent under the bankruptcy law (Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), though made within four months prior to the filing of a bankruptcy petition by the mortgagor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260; Dec. Dig. § 181.*]

In the matter of bankruptcy proceedings of Henry Mahland, Jr. On petition to review a Referee's determination as to the validity of

a chattel mortgage executed by the bankrupt. Judgment for claimant.

Charles M. Stafford, for petitioner.
Charles W. Clowe, for trustee.

CHATFIELD, District Judge. In this matter the trustee in bankruptcy attacked a chattel mortgage given to the bankrupt's father, as security for loans amounting to $700, upon certain furniture, fixtures, horses, wagon, etc., connected with a grocery store owned by the bankrupt. The trustee alleged that the mortgage was presumptively fraudulent, in that the record herein, at the time of the mo. on, showed a prior debt to the father of $107, which was included as a part of the consideration for the mortgage, and as the record also showed that the bankrupt had consulted his father prior to the making of this mortgage, as to his needing money to pay his debts.

This court directed the trustee to interpose such answer or other objections as he might be advised to the application on the part of the mortgagee (the father of the bankrupt) to establish the validity of his mortgage, in so far as it applied to property in the possession of the trustee.

The court thereupon made the following memorandum:

"If the testimony annexed is to be believed (and nothing has been urged against its credibility), this mortgage appears to be valid for $593. If the trustee has any evidence to offer or any issue to raise as to the advancement of that amount, he may file an affidavit and the matter will be referred,"

—which was intended to compel the trustee to raise the issue of fraud, if he had any evidence thereof. The memorandum held the mortgage prima facie valid, to the extent of the present consideration. That is, a chattel mortgage given upon the payment of cash, which cash goes into the hands of the bankrupt and is used for the purposes of his estate, and of which his creditors have the benefit, is a valid mortgage, under section 67e of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), even if made within four months prior to the filing of the petition, if no actual fraud be shown.

The mortgage in the present case was plainly invalid as to the $107, but might be proven valid as to the balance, inasmuch as it was admitted that the father had actually advanced the sum of $593 to his son at the time of making the mortgage, which sum the son received, and as to which no evidence has been produced to negative the idea that the proceeds of the mortgage went into and comprised a part of the bankrupt's estate.

The issue which the trustee desired to raise was sent to a special master, therefore, for hearing; but the special master, misunderstanding the memorandum, and holding that this court had held the mortgage to be valid as a matter of law, merely went into the question of whether or not a present consideration was given for the amount as to which the mortgage appeared to be valid.

In this the special master misconstrued both the issue which was referred and (to a certain extent) the law as to such a chattel mort-

gage. The testimony presented makes it plain that the bankrupt was in difficulties, and that about a month beforehand he had consulted with his father as to the profitability of continuing his business. Upon receiving the money in question from his father, the bankrupt continued in business for three months, verified his schedules in bankruptcy, a few weeks later disappeared, and has not been seen from that time to the present.

The trustee claims that such a mortgage is fraudulent as a matter of law, and cites the cases of Billings v. Russell, 101 N. Y. 226, 4 N. E. 531, Shand v. Hanley, 71 N. Y. 319, and Cole v. Tyler, 65 N. Y. 73, at page 78. But these cases were not dealing with the making of a mortgage for a present and sufficient consideration. In such a case the law is stated in Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665. The knowledge of the mortgagee or purchaser as to the fraudulent intent of the bankrupt, as derived from knowledge of his financial condition, is a question of fact, and mere inability to pay debts does not invalidate the mortgage, if a present valid consideration be given therefor, by one who has not reason to know that a fraud will be thereby committed.

The trustee has attempted to show such knowledge in this case, and the mortgagee has testified in an attempt to rebut the effect of his conversations with the bankrupt, as to the need of borrowing money Both parties have attended before the referee, and under compulsion of the reference have examined and cross-examined witnesses, while protesting that neither of them was required to do so.

As was said by this court in the case of In re Davis, 155 Fed. 671, the law of the state of New York as to the validity of chattel mortgages under the New York law, upon a stock of goods remaining in the possession of the mortgagor, depends upon the actual intent of both the mortgagor and mortgagee at the time of making the mortgage. Brackett v. Harvey, 91 N. Y. 214; Greenwald v. Wales, supra. The bankruptcy law does not make a mortgage like the one at issue fraudulent, if it would be valid in whole or in part under the New York law. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 308, 45 L. Ed. 457.

Upon the proof furnished in this case, the payment of the consideration, as has been stated, was shown. The intent of the bankrupt to make a preferential mortgage has been shown. The father, however, has apparently proven that he had no fraudulent intent and obtained a valid mortgage, and the general creditors' remedy is limited to opposing the discharge of the bankrupt.

On the referee's finding and the fact that the trustee has offered no testimony to contradict the father's sworn statement, other than to point out the ordinary improbability of a son's being insolvent when his father supposed he was going to continue in business and be able to pay his debts, it must be held upon the record that the mortgagee has sustained the burden of proof, and established the validity of his mortgage, to the extent of $593.