LINDLEY v. ROSS et al.

(Circuit Court of Appeals, Seventh Circuit. November 2, 1912.)

No. 1,859.

1. MORTGAGES (§ 42*)—FORM—CHATTELS REAL.

Where mortgages in form chattel mortgages conveyed several elevators and appurtenances situated on the rights of way of certain railroads, under lease arrangements with the railroads, the property being chattels real, the mortgages would be regarded as mortgages of real estate, and were therefore not objectionable because the statutory requirements respecting chattel mortgages had not been complied with.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 116; Dec. Dig. § 42.*]

2. BANKRUPTCY (§ 165*)—MORTGAGES—PREFERENCES—PRESENT ADVANCEMENT.

A bankrupt, being liable to defendant bank on an overdraft, executed certain mortgages on its elevators to the bank. The bank then entered to the bankrupt's credit the consideration for the mortgages, without comment on its books as to whether the amount should apply on the overdraft or be treated as present loans. The bankrupt had been drawing checks on the bank, which had been honored without regard to the overdraft, and the same course was pursued after the giving of the mortgages; the money realized from the mortgages being at once put into the bankrupt's checking account and used to increase its capital to continue its business. *Held,* that the mortgages should be regarded as having been bona fide given for cash advances and did not constitute preferences,

though the bankrupt was then insolvent, and known to be so by the bank, but, on the contrary, were valid liens.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

Appeal from the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Bill by Walter C. Lindley, trustee in bankruptcy of the estate of Wheelock & Peterson Bros., a corporation, against J. C. Ross and others, copartners, doing business as the Bank of East Lynn. Judgment for defendants and plaintiff appeals. Affirmed.

Walter C. Lindley and Frank Lindley, both of Danville, Ill., and Frank T. Murray, of Chicago, Ill., for appellant.

J. H. Dyer, of Hoopeston, Ill., and Charles Troup, of Danville, Ill., for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge. Appellant, termed trustee herein, filed his amended bill against appellees, herein termed the bank and sheriff, respectively, seeking to have certain mortgages and payments made by the bankrupt to the bank declared to be preferences and set aside as such. Such action was had that the cause was referred by the court to a special master, who made report to the District Court finding that said mortgages and payments, aggregating $11,000, constituted preferences, which were void and should be set aside. On hearing upon the several objections of the parties hereto, the District Court found the mortgages to be valid liens, sustained defendant's exceptions, and dismissed the bill for want of equity.

It was complainant's contention that the mortgages were chattel mortgages; that the statutory requirements had not been observed in the manipulation of the same, so that the lien of the mortgages had been lost; that the same were given and taken with intent to secure a preference; that the proceeds thereof were intended to be and were applied upon an overdraft due the bank from the bankrupt, within the four months period, at a time when the bank knew bankrupt was insolvent, and were not intended to be nor were for bona fide loans; and that the several mortgages were not given for an advance of money to the bankrupt by the bank, but for a credit to be applied on an overdraft. The mortgages in controversy were in form chattel mortgages conveying several elevators and appurtenances situate upon the rights of way of two railroads, located, respectively, in East Lynn, Vemillion county, Ill., and in Hopwood, Iroquois county, Ill., under some lease arrangement with the railroads.

[1] Upon a similar state of facts, it was held in Knapp v. Jones, 143 Ill. 375, 32 N. E. 382, and in Cross v. Weare Commission Company, 153 Ill. 499, 38 N. E. 1038, 46 Am. St. Rep. 902, that the mortgaged property constituted a chattel real. The court in the last-named case said:

"There is no doubt that appellees made a mistake in using blank forms of chattel mortgages when they accepted their securities. It may be they made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a mistake in not more definitely describing the mortgaged property as realty: but it is clear from the evidence they intended to secure themselves by mortgages which should cover the property whether it was realty or personalty."

These decisions are controlling in this case. The mortgages should, therefore, be held to convey chattels real, and, as such, are not affected by the statutory provisions with reference to chattel mortgages. They are subject to the rules governing real estate mortgages, and are valid liens so long as the notes secured thereby are valid, unless avoided by the provisions of the Bankruptcy Act. This being so, were they given to secure actual cash advances to the bankrupt, or were the proceeds thereof applied upon the overdraft, which had reached large proportions, being sometimes as much as $30,000?

[2] There is considerable testimony in the record given by the respective parties to this suit upon the question as to whether the parties or any of them made any declaration or did any act which determined the character of the credits shown in the bank's books. This evidence is so conflicting and inconclusive that we can give it no weight. We are thus brought to a consideration of the facts shown in the books and statements introduced in evidence. It appears that the entries were made as credits in the account, without comment as to whether they should apply upon the overdraft, or be treated as present loans where the cash actually passed. It further appears that the bankrupt had been drawing checks upon the bank, which the latter had honored without regard to the overdraft, and that the same course was pursued after the giving of the mortgages as before. The bank was carrying the bankrupt financially, and might at any time have shut off its credit. Surely the former was in position to say to bankrupt:

"Unless you put up money to meet your future drafts upon us, we must refuse to honor your checks."

To have withdrawn credit in this manner must have proved disastrous to both bank and bankrupt. The solution of the situation involved the working out of impending deals and business transactions. What more natural than that the bank should loan bankrupt the money to complete its business undertakings and take security therefor. The fact that checks had been honored, notwithstanding the overdraft, does not argue that such a course would be further pursued. It is evident that what the bankrupt required at the time was present credit. That its interest and that of the bank were in this respect identical, and that the bank took this method for swelling the volume and profits of the bankrupt's business, with a view to the ultimate reduction of the overdraft, is of no moment here. It is clear that the moneys realized on the mortgages were at once put into the business and checking account of bankrupt, and used to increase the corporation capital, or means for carrying on the same.

We are therefore of the opinion that the giving and taking of the mortgages were for bona fide cash advances to the bankrupt, and did not constitute preferences, and that the mortgage liens are valid, as

claimed by the bank. This would be so, notwithstanding bankrupt was then insolvent, and such insolvency was known to the bank.

We find no error in the decree of the District Court, and the same is therefore affirmed.