FLYNN v. THE ENGINEERED RADIO CO.

*Corporations—Note and chattel mortgage—Executed by foreign corporation not authorized to do business in Ohio—Valid claim against receiver of Ohio corporation purchasing foreign corporation—Directors may lend to, and receive mortgage from, corporation.*

1. Where a foreign corporation conducting its business in Ohio without complying with the laws of this state relative to doing business here, issues its note and chattel mortgage for a loan of money to carry on its business, and later an Ohio corporation purchases its assets and agrees to pay all its debts, the note and mortgage is a good and valid claim against the receiver of the Ohio corporation.
2. The directors of a corporation may loan money to the corporation, and the latter, while solvent, may give a mortgage to the directors to secure such loan.

(Decided March 10, 1924.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Carl Lehman* and *Mr. Henry W. Merland,* for intervening petitioners.
*Messrs. Cobb, Howard & Bailey* and *Mr. H. C. Bolsinger,* for receiver.

CUSHING, J. The question for determination is the validity of a note for five thousand dollars and a chattel mortgage given to secure its payment.

The United Radio Laboratories, Inc., was organized June 14, 1922, under the laws of the State of Delaware. It had its principal place of business at Covington, Kentucky, and the board consisted of three directors. On, or prior to July 24, 1922, it

[1] Corporations, 14a C. J. § 4009; [2] Id., §§ 1902, 1904.

removed its place of business to Cincinnati, the number of directors was increased, and it thereafter carried on its business with four directors. October 18, 1922, at a meeting of the board, directors Morris, Flynn, Jr., and Ewing resigned, and Robert E. Miller, John H. Flynn, Sr., and H. F. White were elected to fill the vacancies.

At the meeting of October 18, 1922, a resolution was passed authorizing and directing the president and secretary of the company to procure a loan, not exceeding five thousand dollars, to be used to pay the debts of the company and carry on its business.

The officers applied to numerous banks for the loan. The banks refused to lend the money to the company. On October 25, Nunner, Flynn, and Miller, the intervening petitioners herein, borrowed five thousand dollars from the Washington Bank, on their individual note, and loaned it to the company, taking its notes and chattel mortgage, as set out in the pleadings. The loan was made through Henry W. Merland, but as it was in fact the loan of the individuals named Merland will not be considered.

The money was used by the company to pay its debts and carry on the business. The company continued business until March 10, 1923. On that date it sold and transferred its business to the Engineered Radio Company, an Ohio corporation. The purchaser took over the assets of the original company, and assumed and agreed to pay all its debts. The second company continued business until August 1, 1923, when, although the company claimed it was solvent, its business was in such shape that a receiver was appointed. Such pro-

ceedings were had under the receivership that the business was sold, the receiver realizing from the sale about $8,200.

It is stated that the claims of general creditors of the Engineered Radio Company amount to $14,-000, and there is no showing that the creditors of the United Radio Laboratories, Inc., are included in the list of creditors of the Engineered Radio Company. The intervening petitioners claim that they have a preference by reason of their chattel mortgage. The receiver claims that the mortgage is invalid, in that the United Radio Laboratories, Inc., was organized, under a state other than Ohio, to transact business here, and did not comply with the laws of this state; and further claims that the resolution authorizing and directing the president and secretary of the company to secure a loan of five thousand dollars, to be used to pay the company's debts and carry on its business, was invalid, because it was adopted at a meeting of directors at which there was not a disinterested quorum, three of the directors being mortgagees.

Section 178, General Code, requires that corporations organized in another state, shall qualify before transacting business in this state. Section 5508, General Code, provides in substance that every contract made for or on behalf of a foreign corporation, not authorized to do business in this state, shall be wholly void on its part and on behalf of its assignees, but may be enforced against it or them.

The United Radio Laboratories, Inc., is not in court, and is not seeking a remedy. It sold its business to an Ohio corporation. The intervening petitioners are in court to enforce a claim against

the defendant, the Engineered Radio Company, the Ohio corporation, so that the foreign corporation is not in any way interested in this proceeding.

The mortgage in question was given by the foreign corporation. The Ohio corporation purchased the assets and agreed to pay all the ·debts of the foreign corporation, and the claim that the foreign corporation could not give a mortgage is untenable. The attorneys for the receiver assume that the resolution of October 18, 1922, directed the president and secretary of the corporation to make the loan and to execute the note and mortgage to the intervening petitioners. The resolution authorized and directed the officers to secure a loan of five thousand dollars. They tried to secure it from numerous banks and failed, and it was a question of taking the money where they could get it, or allowing the company to become bankrupt. The company at that time had $606 in bank; it had notes receivable of $700; and accounts receivable of $5,116. It owed $9,046.33. So that its assets and the $5,000 that it borrowed would be more than enough to pay all its debts.

It is settled in many decided cases that directors of a corporation may loan money to it, and a corporation while solvent may give a mortgage to directors for the money so loaned. 3 Cook on Corporations (8 Ed.), Sections 692, 693; *Twin-Lick Oil Co.* v. *Marbury,* 91 U. S., 587; *In re Metropolitan Dairy Co.,* 224 Fed., 444.

Our conclusion is that the officers of the United Radio Laboratories, Inc., were authorized to execute a note and mortgage to the intervening petitioners; that the mortgage is valid; and that it is a prior lien.

A decree may be entered according to the findings herein.

*Decree accordingly.*

BUCHWALTER and HAMILTON, JJ., concur.