## In re KUHN.

### NAGLE et al. v. WHITE.

Circuit Court of Appeals, Seventh Circuit.
November 13, 1929.

No. 4167.

C. B. Chapman, of Ottawa, Ill., for appellants.

C. A. Helffrich, of Ottawa, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. A fund realized from the disposition of the bankrupt's assets forms the subject-matter of this litigation. The contesting parties are the trustee in bankruptcy on the one side with the appellant Nagle, a judgment creditor, claiming under a written agreement executed by the bankrupt more than four months prior to the institution of bankruptcy proceedings, as his adversary.

Joseph Kuhn, the bankrupt, was a farmer, a renter, who, finding himself overwhelmed by debts, suffered six judgments to be entered against him. The first one, docketed February 24, 1926, for $5,369.62 and costs, ran to appellant Nagle. On July 15th of the same year another creditor obtained a judgment for $3,227.35. The following day a bank obtained four judgments of varying sums. Execution was issued upon each judgment—on the Nagle judgment June 1st, and on August 28th the sheriff levied upon the property of the bankrupt (here in dispute). Bankrupt thereupon consulted an attorney, and the result was the agreement over which the contending parties are here contesting.

The agreement was signed by the three judgment creditors and the bankrupt. After describing and recognizing the aforesaid judgments and further reciting that said bankrupt owned certain live stock, grain, farm machinery, and a corn crop, the parties expressed "the desire * * * to sell and dispose of the aforesaid personal property of said Joseph Kuhn in order to pay said judgments." To effectuate this object bankrupt transferred or turned over all of his property "not however including his household furni-

ture" to E. B. K. "to be by him cared for and sold in such manner as he, said E. B. K., shall deem best and most advantageous to the parties hereto for the purpose of paying said judgments."

From the proceeds it was provided that E. B. K. shall pay: (1) "The necessary costs and expenses." (2) "The amount due the landlord on his lien." (3) "The judgment of Mary J. Nagle." (4) The other judgments in full or pro rata. (5) "The balance if any shall be turned over to said bankrupt."

The agreement was executed October 13, 1926. E. B. K. took possession thereunder October 20, 1926. Bankrupt filed his petition in bankruptcy February 15, 1927.

Liquidation under the agreement had not been completed when bankruptcy proceedings were instituted and E. B. K. was appointed receiver in bankruptcy to convert the remaining personal property into cash. The moneys ultimately realized from the sale constitute the subject-matter of this litigation. The amount realized ($5,200) was less than the Nagle judgment, and consequently the other judgment creditors are not interested in the outcome of this litigation.

The referee found for appellee, and this order was confirmed by the district court.

Appellee contends in the alternative: (a) That the aforementioned agreement was a chattel mortgage but not executed and recorded in the manner required by the Illinois statute. (b) If the agreement was not a chattel mortgage, it was a transfer of goods and void because in violation of the Illinois Bulk Sales Law.

We find it unnecessary either to define the instrument under which appellant makes her claim or determine the application of the Illinois Bulk Sales Act.

■ Appellant Nagle held a valid judgment upon which execution had issued and the property of the bankrupt had been levied on when the agreement here involved was executed. Her lien gave her a first claim upon the property, subject of course to be defeated by bankruptcy proceedings within four months. Such bankruptcy proceedings, however, did not intervene within the four months' period, and, in taking the agreement which created the so-called second lien, appellant surrendered the valid existing lien she had upon the same property. The surrender of the one lien constituted a present consideration for the execution of the new lien. The first lien continued, in so far as the date of origin is concerned, in the second lien. Lake View State Bank v. Jones (C. C. A.) 242 F. 821, 826; Northern Bond & Mort-

gage Co. v. King (C. C. A.) 24 F.(2d) 156, 158.

As stated in Lake View State Bank v. Jones: "A surrender of a valid lien is of itself a present consideration to the extent of the security released."

■ Moreover, we think the possession of E. B. K. under the new lien should be fixed as of October 13th or more than four months from the date of the bankruptcy proceedings. For, at the time of the execution of this agreement, possession of the property was in the sheriff. His possession under the execution was the possession of E. B. K. after the execution of the agreement until the latter relieved him of it by taking actual possession, a few days later.

The order is reversed, with directions to enter a decree in accordance with the views here expressed.