HENRY CLARK BRIDGERS, TRUSTEE IN BANKRUPTCY OF CAROLINA LEAF TOBACCO COMPANY, v. B. M. HART.

(Filed 29 April, 1931.)

1. **Bankruptcy C c—Payment must be on pre-existing debt in order to constitute preference under Bankrupt Act.**

   In order for a payment made within four months of bankruptcy to be an invalid preference under the provisions of the Bankrupt Act, the debt must be a preëxisting one and not for a present valuable consideration.

2. **Same—Question of whether payment of expenses and taking of business trip for bankrupt was one transaction held for jury.**

   Where under a request and promise to repay expenses an officer of a corporation advances his own money to finance a trip for himself and others taken in the interest of the corporation which results to the advantage of the corporation, and takes several days in its accomplishment, and these expenses are refunded by the corporation several days afterward, the question is for the jury under the evidence and correct instructions from the court as to whether the taking of the trip and the refund of the expenses constituted one transaction, and if found by the jury in the affirmative it will not constitute an unlawful preference within the meaning of the Bankrupt Act.

CIVIL ACTION, before *Cranmer, J.,* at November Term, 1930, of EDGECOMBE.

The Carolina Leaf Tobacco Company filed a petition in bankruptcy in June, 1925. The defendant was president of the company. On 13 May, 1925, the corporation paid to the defendant in coal the sum of $300. The plaintiff, trustee in bankruptcy, sues to recover said sum of $300, upon the theory that the payment by the bankrupt, constituted a voidable preference.

The defendant offered evidence tending to show that about 1 May, 1925, he was in Marion, North Carolina, and the officials of the bankrupt wired him to go to New York in an effort to recover certain assets belonging to the corporation, and that in response to said telegram he went to New York and spent out of his own funds the sum of $300 to defray his own and the traveling expenses of other officers of the company. There was further testimony that before the defendant undertook to make the trip that it was understood and agreed between him and the directors of the corporation that his expenses so advanced were to be repaid upon his return. He further testified that in two or three days after his return from New York to Tarboro the bankrupt delivered three hundred dollars worth of coal to him in payment of expenses advanced, and in accordance with the previous agreement. There was other testimony to the effect that the coal was delivered to the defendant on Monday or Tuesday after his return from New York on Saturday night.

The following issue was submitted to the jury:

"Did the payment of the $300 constitute a preference under the bankruptcy laws of the United States as alleged in the complaint?"

The trial judge instructed the jury to answer said issue "Yes."

From judgment upon the verdict the defendant appealed.

*Henry C. Bourne for plaintiff.*
*George M. Fountain for defendant.*

BROGDEN, J. If an officer of a corporation, within four months of bankruptcy, advances money out of his own funds to defray his expenses to a distant city for the purpose of making investigation for the corporation, when the directors have agreed that the money so advanced would be repaid upon his return, does such repayment constitute a voidable preference as contemplated by the bankruptcy law?

One branch of this litigation was considered by this Court and reported in 198 N. C., 494. The pertinent element of a voidable preference applicable to the facts in the case at bar, is thus stated in 4 Remington on Bankruptcy, sec. 1694: "Third Element of a Preference-Creditor's Claim Must Have Been Pre-Existing Debt—the creditor's claim must have a debt—a preexisting debt; and the transfer will not amount to a preference if made contemporaneously with (or before)

BRIDGERS *v.* HART.

the rising of the claim." That is to say, if a bankrupt receives cash or its equivalent and contemporaneously therewith transfers property in good faith, such transaction does not constitute a voidable preference.

The plaintiff contends that the transfer was not contemporaneous for the reason that several days elapsed between the time the defendant made the trip to New York and the actual delivery of the coal in payment of expenses incurred. There is ample evidence that the efforts of defendant resulted advantageously to the corporation, for that substantial assets were discovered. The defendant, upon the other hand, contends that the transaction was contemporaneous for the reason that the request to make the trip, the agreement of the directors to reimburse the defendant upon his return and the actual payment a few days thereafter constituted one transaction. In this connection 4 Remington, 462, *supra,* states the principle as follows: "It is not necessary that the transfer and the payment of the consideration be absolutely simultaneous, if they be truly a part of the same transaction; thus, where a corporation, in financial straits, authorized the execution of a chattel mortgage for money to be loaned; thereupon, three days later, the money was paid; and, subsequently, six days after the payment, the mortgage was formally executed; these occurrences were held to constitute but one transaction, on present consideration." The text is supported by *In re Metropolitan Dairy Co.,* 224 Fed., 444. In that case a loan was made on 17 June, and a chattel mortgage securing the payment thereof was executed on 23 June. The Court said: "If the mortgage had been given at the same time as the loan was made, there could be no question. It is a wholly novel proposition to us that the officers and director of a corporation, which is losing money, is in financial straits, and facing imminent failure, may not lend it money of his own on its mortgage of its personal property, to secure only the cash turned over, without, by any subterfuge, including any existing indebtedness to him." Referring to the payment of the money on 17 June, and the mortgage executed on 23 June, the Court said: "If this be so, we do not see why it was not a single transaction—why the execution and filing of the mortgage does not, under the resolution, date back to the moment of receiving the loan for which it was given." U. S. C. A., Title 11, page 399, *et seq.*

Whether the sum advanced by the defendant and repaid by the bankrupt a few days thereafter constituted one transaction under all the facts and circumstances must be submitted to a jury upon proper instructions by the trial judge.

Reversed.